**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JAMES BROWN**                                                      **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:21-cv-294-KHJ-MTP**

**NEWTON COUNTY, MISSISSIPPI;**
**SCOTT COUNTY, MISSISSIPPI;**
**JEFF PITTS; LAKE, MISSISSIPPI and**
**JOHN DOES 1-10**                                                **DEFENDANTS**

**AMENDED COMPLAINT**
**JURY TRIAL DEMANDED**

COMES NOW Plaintiff, James Brown, by and through undersigned counsel, and makes this, his Amended Complaint against the named Defendants and would show unto the Court the following, to wit:

1.      Plaintiff is a resident citizen of Newton County, Mississippi who may be contacted through undersigned Counsel.

2.      Defendant, Newton County is a government entity organized under the laws of the State of Mississippi who may be served with process through its Chancery Clerk at 92 W Broad Street, Decatur, MS 39327.

3.      Defendant, Scott County is a government entity organized under the laws of the State of Mississippi who may be served with process through its Chancery Clerk at 100 E 1st Street, Forest, MS 39074.

4.      Defendant JEFF PITTS is a Scott County Deputy and part-time officer for Lake, Mississippi who may be served with process at 300 Access Road, Decatur, MS 39327.

- 1 -

5.      Defendant Lake, Mississippi is a government entity incorporated under the laws of the State of Mississippi who may be served with process at 100 Front Street, Lake, MS 39092

6.      Defendants designated as John Does 1 through 10 are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-conspirators, joint adventurers, partners, stockholders, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to Plaintiff for the claims asserted herein.  Plaintiff will amend his Complaint once the identities of the unknown Defendants are learned.

7.      Jurisdiction and venue are proper in this Court as the incident giving rise to this Complaint occurred substantially in Newton County, Mississippi. Plaintiff's Notice of Claim is attached hereto as Exhibit A.

8.      On or about October 2, 2020 Mr. Brown was shopping at the Dollar General in Scott County when he noticed several high school girls and an older adult woman buying large amounts of toilet paper.

9.      Suspecting that someone's house was about to get rolled, Mr. Brown photographed the girls and older woman buying toilet paper and sent the photo to his girlfriend who is a teacher. Mr. Brown left the store and went home to Newton County.

10.     Approximately an hour after arriving home, a Newton County deputy arrived at

Mr. Brown's home with Scott County Deputy Jeff Pitts. Without a warrant the officers demanded Mr. Brown's phone. Under the threat of being arrested, Mr. Brown consented and the officers reviewed Mr. Brown's phone and without a warrant told Mr. Brown that he was being placed under arrest for taking a photo of the girls buying toilet paper.

11.    Jeff Pitts may have been on loan to the City of Lake, Mississippi. However, Mr. Pitts was still subject to the policies and procedures of the Scott County Sheriff's Department.

12.    The officers viewed the actual photos and could clearly and plainly see that there was nothing remotely criminal about the photographs.

13.    The Newton County deputy allowed Deputy Pitts to handcuff Mr. Brown and place Mr. Brown in the Scott County vehicle.

14.    It goes without saying that Defendant Pitts was outside of his jurisdiction and lawful authority.

15.    Deputy Pitts then photographed Mr. Brown while in handcuffs in the patrol car and sent the photo to a mother of one of the girls, Blair Anderson.

16.    Upon information and belief Ms. Anderson and Mr. Pitts conspired to violate Mr. Brown's rights and embarrass Mr. Brown.

17.    Deputy Pitts was heard telling the recipient of the photos over the phone not to post the photos on the facebook as Deputy Pitts transported Mr. Brown to Scott County.

18.    Deputy Pitts, without a warrant or any lawful order then transported Ms. Brown

across county lines from Newton County to Scott County, effectively kidnapping Mr. Brown against his will.

19.     Deputy Pitts took Mr. Brown into the sheriff's department where Deputy Pitts searched through Mr. Brown's phone. Deputy Pitts deleted the photograph taken of the girls buying toilet paper, returned Mr. Brown's phone and eventually transported Mr. Brown back to his home in Newton County.

20.     Deputy Pitts then ordered Mr. Brown to stay out of Dollar General in Scott County.

21.     A few days later Mr. Brown learned that the photo taken by Deputy Pitts had been shared with others who were showing off the photo of Mr. Brown in handcuffs. Apparently, Deputy Pitts and others were referring to Mr. Brown as a "predator," intending to defame and slander Mr. Brown.

## I.  VIOLATION OF 42 U.S.C. 1983

22.     Mr. Brown hereby incorporates by reference all previously stated paragraphs as though fully restated herein.

23.     All actions complained of herein and made by the individual Deputies were under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the United States Government, the State of Mississippi and the each County and City Defendant.

## II.  UNLAWFUL SEARCH

24.     Mr. Brown hereby incorporates by reference all previously stated paragraphs as though fully restated herein.

25.    The individual deputy Defendants had no lawful authority upon which to demand Mr. Brown's phone.

26.    Mr. Brown only relented to the Deputies' demands regarding his phone because the deputies threatened to arrest Mr. Brown if Mr. Brown did not comply.

27.    The Officers' search of Mr. Brown's phone constitutes a violation of Mr. Brown's right to be free from an unlawful search and seizure of his property.

28.    The currently unknown Newton County deputy had a duty to intervene and prevent the violations of Mr. Brown's constitutional rights. By failing to intervene, the Newton County Deputy is liable for the violations of Mr. Brown's rights.

### III. FALSE ARREST/UNLAWFUL SEIZURE

29.    Mr. Brown hereby incorporates by reference all previously stated paragraphs as though fully restated herein.

30.    Defendant Deputies were or should have been aware that Mr. Brown was not guilty of any crime.

31.    No warrant had been issued for Mr. Brown's arrest or seizure.

32.    No person had filed charges against Mr. Brown.

33.    Despite no warrant and no charges being filed against Mr. Brown, the Deputies handcuffed Mr. Brown, placed him in the back of a patrol car and transported Mr. Brown across county lines.

34.    The currently unknown Newton County deputy had a duty to intervene and prevent the violations of Mr. Brown's constitutional rights. By failing to intervene, the Newton County Deputy is liable for the violations of Mr. Brown's rights.

35.     By arresting Mr. Brown without probable cause and transporting Mr. Brown to

the Scott County Sheriff's department, Mr. Brown's rights were violated.

### IV. STATE LAW CLAIMS AGAINST THE INDIVIDUAL DEPUTIES

36.     Mr. Brown hereby incorporates by reference all previously stated paragraphs as

though fully restated herein.

37.     The Deputies' actions as complained of herein constitute the torts of

wrongful/false imprisonment, menace, kidnapping, gross negligence intentional

infliction of emotional distress and abuse of process.

38.     In addition, the Individual Deputy Defendants committed a battery upon Mr.

Davis by grabbing and handcuffing Mr. Davis without his consent.

39.     The act of the individual Deputies are outrageous and should not be allowed in a

civilized society. Because of the egregious nature of the Individual Deputy

Defendants punitive damages should be imposed.

40.     Investigation is ongoing, but to the extent either of these deputies shared Mr.

Brown's photos and labeled Mr. Brown a predator, the Defendant's actions would

constitute the torts of defamation and slander.

### V.  STATE LAW CLAIMS AGAINST ALL REMAINING DEFENDANTS
#### Excluding the Individual Defendant Deputies

41.     Mr. Brown hereby incorporates by reference all previously stated paragraphs as

though fully restated herein.

42.     In accordance with Miss. Code Ann. § 19-25-19, each sheriff is liable for the acts

of his deputies as alleged herein, at least to the extent of his bond and/or insurance.

43.     Mr. Brown served the County Defendants with notice of this action pursuant to the Mississippi Tort Claims Act and more than ninety (90) days have passed since its service. (Exhibit A, Notice of Claim). Defendants have denied Plaintiff's claims to relief.

44.     The actions of the County Defendants named and described *supra* constitute the torts of negligence, gross negligence, trespass, excessive force, assault, battery, defamation, negligent training, negligent supervision, harassment, conspiracy, outrage, and false imprisonment.

WHEREFORE, Plaintiff respectfully prays that this Court:

1.     Assume jurisdiction over this action;

3.     Award appropriate equitable relief including but not limited to prospective injunctive relief, declaratory and other injunctive remedies;

4.     Award Plaintiff nominal and actual damages for Defendant's actions and omissions;

5.     Award Plaintiff compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

6.     Punitive damages for all claims allowed by law in an amount to be determined at trial;

7.     Pre-judgment and post-judgment interest at the highest lawful rate;

8.      Award *Veasley* damages, including but not limited to Plaintiffs' costs of litigation, including reasonable attorney's fees and expenses;

9.      Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

RESPECTFULLY SUBMITTED this the 29th day of October, 2021.

JAMES BROWN
PLAINTIFF


*/s/ Daniel M. Waide*
DANIEL M. WAIDE, MSB #103543

Daniel M Waide, MS Bar #103543
Johnson, Ratliff & Waide, PLLC
1300 Hardy Street
Hattiesburg, MS 39401
T: (601) 582-4553
F: (601) 582-4556
dwaide@jhrlaw.net

- 8 -

## CERTIFICATE OF SERVICE

I, Daniel M. Waide, do hereby certify that I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

THIS the 29th day of October, 2021.

*/s/Daniel M. Waide*
DANIEL M WAIDE

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 Hardy St.
PO Box 17738
Hattiesburg, MS 39404
601-582-4553 (Office)
601-582-4556 (Fax)
dwaide@jhrlaw.net